IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INFORMATION TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:09CV3127 |
| V. | ) | |
| | ) | |
| FIDELITY NATIONAL | ) | **MEMORANDUM** |
| INFORMATION SERVICES, INC., and | ) | **AND ORDER** |
| AURUM TECHNOLOGY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Today, I held a hearing on Aurum's motion for a temporary restraining order. All parties were given advance notice and an opportunity to submit evidence. The court received in evidence the dueling evidence indices of the parties and the court heard the oral argument of counsel. The matter was submitted.

In an effort to resolve this matter without a contested court order, the parties also indicated a desire to reach a stand-still agreement. However, the parties expressed a need for additional time to negotiate such an agreement. With that in mind, and at the request of all counsel,

IT IS ORDERED that the parties shall not alter the status quo including, but not limited to, allowing the licenses between the parties to terminate. On or before 5:00 PM on Thursday, August 13, 2009, the parties shall advise the undersigned whether they have reached a negotiated stand-still agreement. If such an agreement is reached, and the court approves such an agreement, the motion for temporary restraining order (filing 13) and motion for preliminary injunction (filing 19) shall be deemed withdrawn and the parties shall be governed by their negotiated stand-still agreement. On the other hand, if no such agreement is reached by 5:00 PM on Thursday, August 13, 2009, the court shall proceed to rule upon Aurum's motion for a temporary restraining order. Should the court be required to rule upon Aurum's motion for a temporary restraining order, the foregoing order requiring the parties not to alter the status quo shall remain in existence until the earlier of the court's ruling on Aurum's motion for a temporary restraining order or 5:00 PM on Monday, August 24, 2009. In addition, when ruling upon the motion for a temporary restraining order, the court will address further scheduling of the motion for preliminary injunction.

DATED this 7th day of August, 2009.

BY THE COURT:
*Richard G. Kopf*
United States District Judge